A. L. Berry. The note had been negotiated by the payee, thereafter was renegotiated to him, whereupon he erased the intervening indorsements and negotiated it to plaintiff.

To reverse a judgment for plaintiff, defendant prosecutes this writ of error.

EDWARD R. HARTIGAN, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. BILLS AND NOTES, § 322*—*when payee may erase indorsements and renegotiate note.* Where a note which has been negotiated by the payee is negotiated back to him, he may erase the intervening indorsements and renegotiate the note, and it is no defense, in an action against the maker, that one of the intervening indorsees was a foreign corporation not licensed to do business in the State.

2. BILLS AND NOTES, § 443*—*when evidence insufficient to show want of consideration, etc.* Evidence examined and *held* insufficient to establish want of legal title, want of consideration and fraudulent organization of plaintiff.

---

Arthur W. Meyer and Samuel S. Hess, trading as Meyer, Hess & Company, Defendants in Error, v. Wakem & McLaughlin, Inc., Plaintiff in Error.

### Gen. No. 20,317. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LABUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed with finding of fact. Opinion filed March 23, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action by Arthur W. Meyer and Samuel S. Hess copartners trading as Meyer, Hess & Company, plaintiffs, against Wakem & McLaughlin, Inc., a corporation, defendant, to recover the value of certain articles alleged to have been contained in packing cases delivered to defendant as warehouseman and lost through its negligence.

Testimony was given by plaintiffs' employee, who packed one of the cases, that he unpacked it when it was returned and found that certain articles he had put into it were missing; that the box was broken and appeared to have been tampered with. The latter part of his testimony was corroborated by one of plaintiffs. There was no testimony covering the period of time intervening the delivery of the case to plaintiffs' teamster and its delivery to plaintiffs. Another of plaintiffs' teamsters received the other case and delivered it to another firm. One of the latter's clerks testified that he checked its contents with plaintiffs' invoice and that some of the articles were missing. The invoice was not produced nor was competent proof made of the contents of the box. A memorandum, purporting to be a copy made by the witness from plaintiffs' books, of a list of the articles packed in the box was received as evidence of its contents over defendant's objection. The books themselves were not produced nor the correctness of their entries shown by any competent evidence.

Defendant's foreman testified that he personally received the cases for storage and superintended the piling of them away; that he personally delivered each to plaintiffs' respective teamsters, taking their receipts therefor, which stated the goods were received by them in good order; that he personally knew they were in the same condition when delivered to said teamsters as when received by defendant; that he had per-

sonal charge of the warehouse while it was open, and knew of no theft committed therein. Plaintiffs admitted that four of defendant's employees who helped to pile the cases would, if present, testify that they worked around the warehouse and that the cases were not tampered with in any way and were in the same condition when delivered as when received by defendant.

To reverse a judgment for plaintiffs for $51.75, defendant prosecutes this writ of error.

SHERIFF, DENT, DOBYNS & FREEMAN, for plaintiff in error.

SONNENSCHEIN, BERKSON & FISHELL, for defendants in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

WAREHOUSEMEN, § 27*—*when evidence insufficient to show negligence.* Evidence examined and *held* insufficient to show negligence on the part of a warehouseman.

---

### City of Chicago, Defendant in Error, v. Joseph Betti, Plaintiff in Error.

### Gen. No. 20,402.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed March 23, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.